IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02946-WJM-NYW

SUNFLOWER CONDOMINIUM ASSOCIATION, INC.,
a Colorado nonprofit corporation,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

This matter comes before the court on Plaintiff's Motion for Leave to File Second Amended Complaint ("Motion to Amend"). [#40, filed March 20, 2017]. The Motion to Amend is before the undersigned Magistrate Judge pursuant to the Order Referring Case dated January 20, 2017 [#27] and the memorandum dated March 23, 2017 [#41]. After carefully reviewing the Motion and related briefing, the entire case file, and the applicable case law, I respectfully recommend that the Motion to Amend be GRANTED.[1]

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Sunflower Condominium Association, Inc. ("Sunflower" or "Plaintiff") initiated this civil action by filing a Complaint in the District Court for Arapahoe County, Colorado on September 28, 2016. *See* [#4]. The dispute arises between Plaintiff, a multi-family homeowners

---

[1] Local Rule 72.3 defines "[d]ispositive motions" to include motions to amend. *See* D.C.COLO.LCivR 72.3(a).

association, and Defendant Owners Insurance Company ("Owners" or "Defendant"), regarding Defendant's alleged breach of contract. Plaintiff originally sued Auto-Owners Insurance Company, who removed the action to the United States District Court for the District of Colorado on December 2, 2016. *See* [#1]. On December 30, 2016, before Auto-Owners Insurance Company had filed an answer, Plaintiff filed an Amended Complaint naming Owners as the sole defendant. *See* [#20]. The Amended Complaint asserts two causes of action for Breach of Contract and Declaratory Relief arising from Owners's alleged failure to compensate Plaintiff pursuant to an insurance policy and agreement ("Insurance Contract") for damage caused to covered property by a September 29, 2014 wind and hailstorm. *See generally* [#20]. The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332.

Owners filed its Answer on January 20, 2017. *See* [#22]. On February 2, 2017, this court held a Scheduling Conference, at which the undersigned Magistrate Judge set certain pre-trial dates and deadlines, including a deadline of March 20, 2017 for the joinder of parties and amendment of pleadings and August 2, 2017 as the discovery deadline. *See* [#35, #36]. Also relevant here, this court allowed each Party to propound twenty-five interrogatories, twenty-five requests for production of documents, and twenty-five requests for admissions. *See* [*id.*] On March 20, 2017, Plaintiff filed the Motion to Amend seeking to add allegations that Owners had acted in bad faith in refusing to fully compensate it for the damages, and corresponding claims for statutory bad faith pursuant to Colo. Rev. Stat. §§ 10-3-1115, 1116 and common law bad faith. *See* [#40]. Owners filed a Response on April 5, 2017 [#42], and Plaintiff filed a Reply on April 19, 2017 [#46]. The matter is now ripe for disposition.

**STANDARD OF REVIEW**

Sunflower filed the Motion to Amend before the expiration of the deadline for amendment of pleadings and joinder of parties as specified in this court's Scheduling Order. Therefore, this court considers the Motion within the confines of Federal Rule of Civil Procedure 15(a) only. *See also Fernandez v. Bridgestone/Firestone, Inc.*, 105 F. Supp. 2d 1194, 1195 (D. Colo. 2000) (applying only Rule 15 when the deadline set for amendment in the Scheduling Order has not yet passed). Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993). A general presumption exists in favor of allowing a party to amend its pleadings, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and the non-moving party bears the burden of showing that the proposed amendment is improper. *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc.,* 175 F.3d 848, 859 (10th Cir. 1999). Whether to allow amendment is within the trial court's discretion. *Burks v. Oklahoma Publ'g Co.,* 81 F.3d 975, 978–79 (10th Cir. 1996).

**ANALYSIS**

Sunflower asserts that it has learned through the exchange of written discovery the following facts, which it contends supports a finding of bad faith. On February 15, 2016, Gary Stevens, an independent adjuster assigned to the case by Owners, and David Ford, an employee of Adjusters International Matrix Business Consulting ("Matrix"), whom Sunflower hired to assist with the adjustment of the claim, met at the damaged property and agreed on the scope of

loss. [#40 at 2]. "Following that meeting, Mr. Stevens and Mr. Ford only needed to determine the unit cost to repair the property." [*Id.* at 3]. Sunflower received Mr. Stevens's estimate of damage to the property one month later, on March 13, 2016. [*Id.*] After receiving the estimate, Matrix requested on multiple occasions that Owners pay "any undisputed damages based on Mr. Stevens' estimate." [*Id.*] Owners ignored the requests, and rather retained an engineer to examine the damaged property. [*Id.*] Sunflower alleges that "[t]here was no legitimate basis to retain an engineer given that the parties had already agreed on the scope of the damage," and Owners "hired the engineer to delay paying the claim and/or to provide it with an excuse to pay less than the full damage caused by the storm." [*Id.*] In September 2016, Owners finally paid $515,458.91, the undisputed portion of the claim, almost six months after it had received Mr. Stevens's estimate. [*Id.*] Sunflower contends that Owners's delay "forced Sunflower up against the statute of limitations and required Sunflower to hire a lawyer and file this suit in order to protect its interests." [*Id.*]

Owners asserts a single argument that amendment of the operative pleading at this juncture will cause it undue prejudice. Specifically, Owners contends that Sunflower has known the above information "since the beginning of this lawsuit," and yet waited until after Owners had "exhausted a large share of its written discovery," before seeking to expand the scope of the lawsuit, knowing that Owners would now have "too little written discovery to adequately defend against Sunflower's substantial and expansive new claims of liability." [#42 at 1-2]. For support, Owners references the following allegations found in the original and Amended Complaints: "Matrix repeatedly asked Defendant to pay for the undisputed amount of the claim. . . . Defendant finally paid Sunflower $515,458.91 for the undisputed amount of its claim in

4

August of 2016," [#20 at ¶¶ 35, 36]; after Mr. Stevens and Mr. Ford agreed on the scope of loss and "Stevens provided his estimate to Defendant, Defendant engaged an engineer to examine the Sunflower Property," [#20 at ¶¶ 29, 30]; "Matrix repeatedly asked Defendant to pay for the undisputed amount of the claim," [#20 at ¶ 35]; and "Defendant finally paid Sunflower $515,458.91 for the undisputed amount of its claim in August 2016," [#20 at ¶ 36].

Sunflower argues on Reply that it did not know prior to receiving Owners's initial disclosures and "look[ing] closer at the sequence of events" that Owners had "no legitimate basis to hire an engineer" to inspect the damaged property. [#46 at 3]. Sunflower describes the initial disclosures as containing "information and correspondence regarding the inspections completed by Defendant's adjuster and engineer, along with correspondence and documentation related to Defendant's hiring of the engineer." [*Id.*]

Prejudice in this context arises when "the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (quoting *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir. 1971)). This occurs most often "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* Sunflower notes in the Motion to Amend that Owners originally agreed not to oppose the amendment if Sunflower would not oppose Owners seeking an additional ten interrogatories, five requests for production, and four requests to admit. [#40 at 1-2]. Sunflower represents that it would not oppose the proposal so long as the request was for a reciprocal amount of additional discovery. Owners would not agree to asking the court for reciprocal additional discovery requests. *See* [*id.* at 2; #42 at 2]. According to the Parties' briefs, Owners has propounded seventeen of its twenty-five

interrogatories, eleven of its twenty-five requests for production, and four of its twenty-five requests for admission. *See* [#46 at 4].

Under Rule 15(a), "the court should freely give leave when justice so requires." *Gorsuch Ltd. B.C.*, 771 F.3d at 1242. In light of this governing principal, the fact that discovery does not close until August 2, 2017, and the ability of this court to address Owners' single asserted concern, i.e., inability to propound adequate written requests regarding the bad faith claims, this court respectfully RECOMMENDS that the Motion to Amend be GRANTED. Indeed, this court notes that it does not appear that Owners has propounded *all* of its allotted written discovery requests to date, and a party's dissatisfaction with how many written requests it can propound during discovery regarding a specific claim or theory is not one of the enumerated reasons that courts have read into Rule 15(a) for denying a motion to amend. *See Frank*, 3 F.3d at 1365. Considering that neither Party appears to have fully extinguished the written discovery allotted under the Scheduling Order, their counsel should be prepared to discuss with this court at a forthcoming Status Conference what additional discovery is needed and why.

## CONCLUSION

For the foregoing reasons, I respectfully **RECOMMEND** that:

1. The Motion for Leave to File Second Amended Complaint [#40] be **GRANTED**; and

2. The court accept [#40-1] as the Second Amended Complaint.[2]

---

[2] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the

Additionally, **IT IS ORDERED** that a Status Conference is set for **May 12, 2017 at 11:00 a.m.** in Courtroom C-204, 2d Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

DATED: April 28, 2017

BY THE COURT:

s/Nina Y. Wang_____
United States Magistrate Judge

---

district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).