IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 16-cv-2946-WJM-NYW

SUNFLOWER CONDOMINIUM ASSOCIATION, INC., a Colorado nonprofit corporation,

   Plaintiff,

v.

OWNERS INSURANCE COMPANY,

   Defendant.

## *DAUBERT* ORDER REGARDING PLAINTIFF'S EXPERT JASON DOMECQ

This insurance dispute arises from a wind and hail storm which occurred on September 29, 2014. (ECF No. 62 ¶¶ 14–15.) The storm damaged the roofs, gutters, and screens on some of the condominiums and garage structures managed by Plaintiff Sunflower Condominium Association ("Plaintiff"). (*Id.*) Plaintiff's property was insured by Defendant Owners Insurance Company ("Defendant") and Plaintiff claims that the damage is covered under the policy ("Insurance Contract"). (*Id.* at ¶¶ 16, 21.) Plaintiff claims that Defendant "failed to pay [Plaintiff] in accordance with the promises set forth in the Insurance Contract" and brought this action suing Defendant for breach of contract and bad faith. (*Id.* ¶ 39.)

Defendant raised counterclaims for breach of contract and recoupment based on Plaintiff's alleged fraud or misrepresentation in violation of the Insurance Contract. (*See* ECF No. 136.) In a previous Order (ECF No. 149), the Court denied Plaintiff's Motion for Summary Judgment on Defendant's counterclaims (ECF No. 93) and

granted Defendant's Motion for Summary Judgment on Plaintiff's claims in its entirety (ECF No. 94). Thus, the only surviving claims at this point in this litigation are Defendant's counterclaims.

Now before the Court is Defendant's Motion to Exclude Testimony of Jason Domecq under Federal Rule of Evidence 702. (ECF No. 84 ("Motion").) For the reasons set forth below, Defendant's Motion is denied.

An expert's proposed testimony must be shown to be relevant and otherwise admissible. See *Adamscheck v. Am. Family Mut. Ins. Co.*, 818 F.3d 576, 588 n.7 (10th Cir. 2016). To be relevant, expert testimony must "logically advanc[e] a material aspect of the case" and be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *United States v. Garcia*, 635 F.3d 472, 476 (10th Cir. 2011) (brackets in original).

Here, Defendant first argues that Jason Domecq's (Domecq) opinions regarding the value of Plaintiff's loss "do not fit in this case." (ECF No. 84 at 3.) Defendant claims that the plain language of the policy provides that the value of Plaintiff's loss must be determined as of the date of loss. (*Id.* at 4.) Meanwhile, Domecq's valuation of the loss is based on data from nearly three years after the date of loss. (*Id.* at 9.) Domecq stated that "prices, labor, availability, everything has just changed," between 2014, when the loss occurred, and 2017, when Domecq developed his estimate relying on then-current data. (ECF No. 84-7 at 131.) Moreover, in his deposition, Domecq agreed that he could not provide "a precise number today based on 2014 data." (ECF No. 84 at 10.) Defendant contends that Domecq's testimony is therefore "not helpful to the trier of fact in determining any issue in this litigation." (*Id.* at 9.)

2

Defendant also argues that "Domecq's opinions about the value of Plaintiff's loss are based on unreliable methods or data," because "the data [Domecq] intends to rely on is materially different from the data relevant to the facts of the case." (*Id.* at 10 (citation omitted).)

In its Response, Plaintiff argues that Defendant's challenge is not the proper issue for a *Daubert* motion. (ECF No. 91 at 2.) First, Plaintiff argues that Defendant's challenge regards Domecq's credibility, rather than the admissibility of his opinions, because Defendant "challenges only the factual data utilized by [Domecq] in preparing his estimate with Xactimate software—namely the time period of June 2017." (*Id.* at 2, 4.) Second, Plaintiff argues that "Defendant's challenge is based on Defendant's own tortured construction of the [Insurance Contract], and contract interpretation is a question of law for the Court, not the proper subject of a *Daubert* motion." (*Id.* at 5.) Plaintiff maintains that the Insurance Contract is "plain and unambiguous and requires covered losses to be paid at [replacement cost value] measured as of the date of the payment." (*Id.* at 6.) Finally, Plaintiff argues that Defendant's retained estimator measured replacement cost value as of May 2016, supporting Plaintiff's position that recovery estimates should be based on recovery cost value on the date of payment.

The Court does not reach the question of whether the Insurance Contract requires that estimates be based on replacement cost value at the time of loss or at the time of payment. The actual relief requested in Defendant's Motion is moot, because the purpose of the Domecq's testimony would be to support Plaintiff's claims for damages, but Plaintiff's claims have been dismissed from the case. However, nothing in this Order should be read to preclude testimony by Domecq as to the preparation of

his report, which may still be relevant to Plaintiff's defenses to Defendant's counterclaims (*i.e.*, not as evidence that his opinions should be accepted, but as evidence of Plaintiff's intent when commissioning his appraisal and later submitting it to Defendants.

For the reasons set forth above, the Court ORDERS as follows: Defendant Owners Insurance Company's Motion to Exclude Testimony of Jason Domecq under Federal Rule of Evidence 702 (ECF No. 84) is DENIED as moot.

Dated this 21st day of May, 2018.

BY THE COURT:

William J. Martinez
United States District Judge