IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 16-cv-2946-WJM-NYW

SUNFLOWER CONDOMINIUM ASSOCIATION, INC., a Colorado nonprofit corporation,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO AMEND FINAL PRETRIAL ORDER

Before the Court is Defendant's Motion to Amend the Final Pretrial Order to Permit Two Records Custodians to be Called as Witnesses (ECF No. 182) ("Motion") and Plaintiff's Response in Opposition to Owners' Motion to Amend the Final Pretrial Order (ECF No. 187) ("Response").

### I. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 16(e), a Final Pretrial Order may only be modified "to prevent manifest injustice." *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208–10 (10th Cir. 2002); *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000). The party moving for such modification bears the burden of proving that manifest injustice will result absent the amendment. *Lockheed Martin Corp.*, 301 F.3d at 1208; *Beene v. Ford Motor Co.*, 2011 U.S. Dist. LEXIS 18721, at *5–6 (D. Colo. Feb. 25, 2011).

### II. ANALYSIS

Defendant moves to amend the Final Pretrial Order, entered on June 6, 2018

(ECF No. 154) and previously amended on June 19, 2018 (ECF No. 158), seeking to call the records custodians of Hammer Property Services and Kieft Construction as witnesses at trial to establish that certain bids and invoices for roof work at the Sunflower property in 2007 are business records.

Under the Court's Practice standards, "[w]itnesses not listed in the Final Pretrial Order may not be included in the Final Witness List without prior leave of Court for substantial good cause shown." WJM Revised Practice Standards § IV.B.4.a.

Defendant argues that substantial good cause exists for its request. (ECF No. 182 at 2, ¶ 3.) On September 10, 2018, after the Amended Final Pretrial Order had been entered, Plaintiff filed a motion *in limine* to exclude, on hearsay grounds, the 2007 roof work invoices and bid documents. (*Id.* at 2, ¶ 4.) Defendant wants to admit these documents to show that Plaintiff "attempted to grossly inflate the cost of replacing its roofs" when it later submitted a claim for the September 2014 storm damage at issue in this lawsuit. (*Id.*) According to Defendant, "the most head-on and easiest way to address the hearsay objection . . . is to simply call the records custodians from Hammer and Kieft to attest that the documents are business records." (*Id.*) Defendant argues that good cause exists because Plaintiff filed its motion *in limine* after the Amended Final Pretrial Order had been entered. (*Id.* at 2, ¶ 7.) Defendant further claims that no party will be unfairly prejudiced by the records custodians' testimony and that the Motion has not been brought for any improper purpose. (*Id.* at 2, ¶ 9–10.)

In its response, Plaintiff requests that the Court deny Defendant's Motion because Defendant's "failure to include these witnesses either in its disclosures or in its

Final Witness List that was part of the Final Pretrial Order was not a simple oversight on [Defendant's] part." (ECF No. 187 at 4, ¶ 11.) Plaintiff argues that these documents were disclosed to Defendant on March 15, 2017. (*Id.* at 2, ¶ 5.) Between January 24, 2017 and October 11, 2017, Defendant submitted eleven Rule 26(a)(1) disclosures. Defendant did not, however, disclose any witness related to these documents in any of these disclosures. (ECF No. 187 at 2, ¶ 6.) Discovery in this matter closed on October 16, 2017, nearly a full year ago. (*Id.* at 2, ¶ 7.)

The Court is persuaded by Plaintiff's argument. Indeed, Defendant relied on these documents as early as November 20, 2017, in its Response to Plaintiff's Motion for Summary Judgment. (ECF No. 99 at 14, ¶¶ 11 (citing specifically to Hammer Property Services Invoices), 15 (citing specifically to Kieft construction bid).) Defendants also rely on these bids in their Amended Answer to Plaintiff's Third Amended Complaint and Counterclaims, filed April 13, 2018. (ECF No. 136 at 11–12, ¶ f.)

Thus, Defendant has known of these documents' existence at least since November 2017 and these documents were known to be material to the resolution of this dispute (from Defendant's perspective) since Defendant first filed its counterclaims in April 2018. Defendant has had ample opportunity to designate witnesses to establish these documents as business records, and failed to timely do so. The Court finds that Defendant has failed to show substantial good cause to further amend the Final Pretrial Order to include these witnesses now, or that manifest injustice would result from denial of amendment.

Accordingly, the Court denies Defendant's Motion to Amend the Final Pretrial Order, and as a result Defendant may not attempt to enter these documents for their

3

truth. At this time, the Court does not consider whether these documents may be admitted for other purposes. That matter will be addressed when the Court resolves Plaintiff's motion *in limine*, in due course.

### III. CONCLUSION

For the reasons set forth above, Defendant's Motion to Amend the Final Pretrial Order to Permit Two Records Custodians to be Called as Witnesses (ECF No. 182) is DENIED.

Dated this 5th day of October, 2018.

BY THE COURT:

William J. Martínez
United States District Judge