# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 16-cv-2946-WJM-NYW

SUNFLOWER CONDOMINIUM ASSOCIATION, INC., a Colorado nonprofit corporation,

    Plaintiff and Counterclaim Defendant,

v.

OWNERS INSURANCE COMPANY,

    Defendant and Counterclaimant.

## ORDER DENYING PLAINTIFF'S CONSTRUED MOTION TO AMEND FINAL PRETRIAL ORDER

In its "List of Issues that Require Resolution Prior to, or at, Trial," Counterclaimant Owner Insurance Company asked the Court to resolve whether Plaintiff (as Counterclaim Defendant) had waived the defenses of waiver, estoppel, and unclean hands by failing to include them in the Final Pretrial Order. (ECF No. 184 at 2, ¶ 4.) Additionally, Defendant questioned whether these affirmative defenses are cognizable under the Court's prior rulings and Tenth Circuit precedent. (*Id.* at 2, ¶ 5.)

At the Final Trial Preparation Conference held before the Court on October 1, 2018, the Court allowed Plaintiff leave to respond to these issues. (ECF No. 193 at 2.) The Court construes its grant of leave and Plaintiff's response as an oral motion by Plaintiff to amend the Final Pretrial Order. (ECF No. 198 ("Motion").) For the reasons set forth below, Plaintiff's Motion is denied.

## I. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 16(e), a Final Pretrial Order may only be modified "to prevent manifest injustice." *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208–10 (10th Cir. 2002); *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000). The party moving for such modification bears the burden of proving that manifest injustice will result absent the amendment. *Lockheed Martin Corp.*, 301 F.3d at 1208; *Beene v. Ford Motor Co.*, 2011 U.S. Dist. LEXIS 18721, at *5–6 (D. Colo. Feb. 25, 2011).

## II. ANALYSIS

Defendant notes that Plaintiff failed to include its defenses of waiver, estoppel, and unclean hands in the Final Pretrial Order and argued that Plaintiff has thus waived these arguments. (ECF No. 184 at 2; *see also* ECF No. 200). Plaintiff first argues that it "included the basis for its affirmative defenses and a blueprint of its trial intentions in the Final Pretrial Order." (*Id.* at 1.) Alternatively, Plaintiff requests leave to amend the Final Pretrial Order, entered on June 6, 2018 and previously amended on June 19, 2018 (ECF No. 158), seeking to name its defenses. (ECF No. 198 at 5.)

Plaintiff's initial argument is that although Plaintiff did not specifically name each affirmative defense in the Final Pretrial Order, it "asserted the factual allegations sufficient to support its defenses." (*Id.* at 2.) In the Final Pretrial Order, Plaintiff claimed, among other things, that:

- Defendant knew that Plaintiff had materially misrepresented facts in violation of the contract when it paid Plaintiff;
- Defendant had all facts supporting its breach of contract and recoupment claims

> prior to issuing any payment to Plaintiff; and

- Defendant acted unfairly or reprehensibly in adjusting Plaintiff's insurance claim and refusing to fully pay for the damages suffered by Plaintiff from the September 2014 storm and pursuing Plaintiff for repayment of any sums previously paid.

(*Id.* at 4; *see also* ECF No. 158 at 10–13.) Plaintiff argues that by including these claims and their factual bases, "it sufficiently satisfied the requirements for asserting its affirmative defenses in the Final Pretrial Order." (ECF No. 198 at 4.)

The Court has reviewed the portions of the Final Pretrial Order that Plaintiff cites to support its argument that the basis of its affirmative defenses is present, even if its affirmative defenses are not named as such. (See ECF No. 158 at 10–12.) The Court finds that these portions of the Final Pretrial Order would not put a reasonable defendant on notice that it needed to prepare to address affirmative defenses. Rather, they read like an outline of potential cross-examination issues. The Court therefore rejects Plaintiff's first argument.

Turning to Plaintiff's second argument, the Court finds that allowing Plaintiff to amend the Final Pretrial Order would cause significant prejudice given the lack of notice to Defendant. Moreover, the factual allegations that Plaintiff points to in the Final Pretrial Order all refer to claims that the Court dismissed in its Order on Cross Motions for Summary Judgment. (ECF No. 149.) In that Order, the Court dismissed all causes of action involving Defendant's claims handling. (ECF No. 149 at 14–21.) The Court's ruling was confirmed by its recent Order on Parties' Motions *in Limine*, which barred categories of evidence related to these claims. (ECF No. 204.) The Court also found

as a matter of law that Defendant did not have the corroborating information it needed to justify asserting counterclaims or raising the late-notice defense when it paid plaintiff. (ECF No. 149 at 17–18; ECF No. 134 at 8–9.) Thus, the Court finds that allowing Plaintiff to amend the Final Pretrial Order at this late hour would result in an additional prejudice to Defendant. This is because it is unclear what Plaintiff will rely on to support these defenses, given that the Court's Order on Cross Motions for Summary Judgment and Order on Parties' Motions *in Limine* precluded evidence related to these claims.

Moreover, the fact that much of Plaintiff's evidence has already been excluded further demonstrates that manifest injustice will not result from denial of Plaintiff's motion. Accordingly, Plaintiff may not assert the affirmative defenses of waiver, estoppel, and unclean hands at trial.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Amend the Final Pretrial Order (ECF No. 198) is DENIED.

Dated this 10th day of October, 2018.

BY THE COURT:

William J. Martinez
United States District Judge