## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge William J. Martínez

Civil Case No. 16-cv-2946-WJM-NYW

SUNFLOWER CONDOMINIUM ASSOCIATION, INC.,
a Colorado nonprofit corporation,

    Plaintiff and Counterclaim Defendant,

v.

OWNERS INSURANCE COMPANY,

    Defendant and Counterclaimant.

## SUPPLEMENTAL RULING ON SUNFLOWER'S RULE 50 MOTION & ORDER THAT OWNERS SUBMIT A FORM OF JUDGMENT

At the close of Counterclaimant Owners's evidence on day 2 of last week's trial (October 16, 2018), Counterclaim Defendant Sunflower orally moved for Rule 50(a) judgment as a matter of law. (*See* ECF No. 215 at 3.) The Court took that motion under advisement. (*Id.*) Then, at the close of its own case on day 4 (October 18, 2018), Sunflower renewed its Rule 50(a) motion on its previous grounds, as well as on two new grounds: (1) the insurance policy strictly limits the fraud clause to the actions of the "insured," to the exclusion of any agent; and (2) recoupment is not an available remedy because the insurance policy does not expressly state that it is an available remedy. (*See* ECF No. 217 at 2) The Court expressed serious concern, and Owners similarly argued, that Sunflower waived these new arguments for failure to raise them in the mid-trial motion. The Court nonetheless ordered Sunflower to file its arguments in writing, and it permitted Owners to file a written response. In between those two events, the jury rendered a verdict in Owners's favor. (*See* ECF No. 229.) The Court must now

determine whether it may enter judgment on the verdict in Owners's favor in light of Sunflower's two new arguments.

Sunflower's written brief says nothing about the waiver question raised in open court. (*See generally* ECF No. 218.) Owners's response points out as much, and cites Tenth Circuit authority supposedly supporting its waiver argument. (ECF No. 219 at 2–3.) But the cases Owners cites address renewal of a Rule 50(a) motion through a post-verdict Rule 50(b) motion. *See M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 763 (10th Cir. 2009); *Marshall v. Columbia Lea Reg'l Hosp.*, 474 F.3d 733, 738 (10th Cir. 2007). They do not address a mid-trial Rule 50(a) motion at the close of the opposing party's evidence and the renewal of that same motion at the close of all the evidence.

Rule 50(a) is frankly not clear about this circumstance. Timing-wise, its only requirement is that the motion "be made at any time before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2). Sunflower's motion, including its two new arguments, satisfies this requirement, strictly speaking. However, the Court finds that Sunflower raised these two new arguments too late, for two reasons unrelated to any timing requirements inherent in Rule 50(a).

First, as noted, Sunflower's written submission entirely fails to address the waiver question that the Court and Owners repeatedly raised during oral argument on the motion. The Court thus deems Sunflower to have conceded the issue. *See, e.g., Phoenix Ins. Co. v. Trinity Universal Ins. Co.*, 2013 WL 12106960, at *10 n.13 (D. Colo. Aug. 29, 2013); *Kosak v. Catholic Health Initiatives*, No. 08-CV-01505-CMA-MJW, 2009 WL 3497782, at *6 (D. Colo. Oct. 28, 2009), *aff'd*, 400 F. App'x 363 (10th Cir. 2010).

Second, forfeiture may apply when a party fails to present a legal argument at the time when its resolution could have obviated the case entirely, or at least a significant portion of it. *See Muskrat v. Deer Creek Pub. Sch.*, 715 F.3d 775, 791 (10th Cir. 2013) (party forfeited counterargument that was not raised in a summary judgment response but naturally should have been, given that it would have mooted analysis of other arguments made in the summary judgment motion). This applies to Sunflower's two new arguments. If raised at an appropriate time (most likely summary judgment) and accepted by the Court, one or both of those arguments may have disposed of this case entirely or, at a minimum, would have obviated most of the testimony and evidence presented at trial.

In the Court's view, it would be fundamentally unjust to put Owners to its proof on its counterclaim at a week-long jury trial, and then consider at this late date arguments from Sunflower which, if now accepted by the Court, would render the entire trial a nullity. This is a result the Court would only conceivably entertain in the event it was plausibly argued that the Court lacked either *in personam* or subject matter jurisdiction. Since jurisdiction is manifestly not an issue raised by the supplemented Motion, the Court finds that Sunflower forfeited both arguments for failure to timely raise them *before* trial.

The Court therefore ORDERS as follows:

1. The Court DENIES Sunflower's oral Rule 50(a) motion, as supplemented by ECF No. 218, for the reasons stated on the record in open court and for the reasons stated in this order; and

2.  On or before **October 29, 2018**, Owners shall submit a proposed form of judgment as an attachment to a brief addressing whether Owners has an obligation, in this circumstance, to refund Sunflower's policy premium (or, in other words, whether the Court should order a $50,000 setoff to the judgment). Sunflower may file a response to this submission on or before **November 2, 2018**. No reply will be accepted.

Dated this 24th day of October, 2018.

BY THE COURT:

_____
William J. Martinez
United States District Judge